Brown *v.* Dodge.

ing it ; but supposed it was still in his possession. He then further testified as to the quantity.

At the trial, the defendant offered to read a letter from the plaintiff to the defendant, with the defendant's answer. The Judge ruled, that the letter from the plaintiff might be read, but not until after the letter from the defendant should be read. Neither letter was read.

The verdict was for the plaintiff, and the defendant excepts.

*Rowe,* for plaintiff.

*Ingersoll,* for defendant.

NOTE. — WELLS, J., at the time of the argument, was holding the jury term at Piscataquis county, and took no part in this decision.

BROWN *versus* DODGE *& al.*

If a grantor, after deeding his land, make to a third person a bill of sale of certain trees standing on the land, in pursuance of a verbal contract, entered into before the deed, the vendee of the trees takes nothing by his purchase, although the grantee of the land, knew of such contract, before he took his deed.

B agreed verbally to sell certain trees on his land to the defendant. C knowing of that agreement, purchased the land of B, by deed in common

form. B then gave to defendant a bill of sale of the trees, pursuant to said agreement. *Held*, that the bill of sale imparted no rights.

TRESPASS for entering plaintiff's land and cutting and removing ash trees.

The case is submitted on agreed facts. Bell and Healy owned the land. Chamberlin was their agent. By a verbal contract, he sold to Dodge the growing ash timber. Bell and Healy afterwards conveyed the land to Chapin, without any reservation in their deed.

While the land was thus owned by Chapin, Chamberlin took of Dodge a note of $50, and, in his own name, gave him a bill of sale, (without seal,) of the ash. Chapin then conveyed the land to plaintiff. Chamberlin testified that at the purchases by Chapin and by plaintiff, he notified them of Dodge's claim, and "considered them to assent to it."

The defendant, Dodge, with his servant, the other defendant, afterwards cut and carried away the ash trees, for which this suit is brought.

*Kelley*, for defendants.

Neither Chapin or the plaintiff paid for the ash. Its value was deducted from their payments. The bill of sale was ratified by Bell and Healy, and it gave to Dodge a title, in writing, before the plaintiff purchased. The plaintiff's assent, at the time, was a license irrevocable. But if not so, it was operative, till revoked. The sale of standing trees, gives authority to enter and take them.

SHEPLEY, C. J., orally. — The transaction with Dodge was verbal, unexecuted, and without any consideration. So the thing stood when Chapin took. The ash passed to him as a part of the realty. Neither Bell and Healy, or Chamberlin, at that late day, had any right to sever it. The giving of the note by Dodge and the bill of sale to him, were subsequent to Chapin's purchase. No rights accrued therefrom. By the deed from Chapin, the whole title passed to the plaintiff. The conversation, had, when plaintiff purchased, was quite too

loose to show the plaintiff's consent that Dodge, or any one under him, should take the ash.    *Defendant defaulted.*

*Rowe,* for plaintiff.